UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SINGER JEWELERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOLD ROSE USA <br><br> and <br><br> JOSEPH WALDROP D/B/A GOLD ROSE USA, <br><br> Defendants. | Civil Action No.: <br><br><br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Steven Singer Jewelers, by its undersigned attorneys, McCarter & English, LLP, alleges as its Complaint against Defendants Joseph Waldrop d/b/a Gold Rose USA and Gold Rose USA as follows:

## NATURE AND BASIS OF THE ACTION

1. This is an action for trademark infringement, trademark dilution, unfair competition, false designation of origin, false advertising, and other relief arising under the trademark laws of the United States, specifically 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and the statutes and common law of the State of Pennsylvania.

## PARTIES

2. Steven Singer Jewelers, Inc. ("Steven Singer Jewelers" or "Plaintiff") is a corporation organized and existing under the laws of Pennsylvania, having a principal place of business at 739 Walnut Street, Philadelphia, Pennsylvania 19106.

3. Upon information and belief, Defendant Gold Rose USA has an office at 300 Mohawk Trail, Adrian, Michigan 49221.

4. Upon information and belief, Defendant Joseph Waldrop d/b/a Gold Rose USA is an individual residing at 300 Mohawk Trail, Adrian, Michigan 49221. Together Defendants Gold Rose USA and Joseph Waldrop d/b/a/ Gold Rose USA are referred to as "Gold Rose" or "Defendants."

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121, because Steven Singer Jewelers' claims arise under the trademark laws of the United States.

6. This Court also has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because this is a civil action of which the district courts have original jurisdiction, and the other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

7. The Court has personal jurisdiction over Gold Rose because, upon information and belief, Gold Rose sold products advertised with the infringing trademarks into Pennsylvania including in this judicial district; has disseminated advertising bearing the infringing trademark and containing the false designations and representations in Pennsylvania including in this judicial district; and has intentionally infringed the trademarks of and competed unfairly with a Pennsylvania corporation whose primary place of business is in Pennsylvania, thus expressly aiming such conduct at Pennsylvania, and by such conduct, Steven Singer Jewelers has felt the brunt of the harm in Pennsylvania, such that Pennsylvania is the focal point of the harm suffered by Steven Singer Jewelers.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

9. Steven Singer Jewelers is the owner of U.S. Registration No. 4,997,078 for the trademark STEVEN SINGER for "Jewelry; Figures of precious metal," in Class 14 and "Retail store services featuring jewelry and figures of precious metal; On-line retail store services featuring jewelry and figures of precious metal," in Class 35, which was registered on July 12, 2016, and which lists a date of first use in commerce of October 7, 1980. Steven Singer Jewelers is also the owner of U.S. Registration No. 3,404,577 for the trademark STEVEN SINGER JEWELERS for "Retail store services in the field of jewelry," in Class 35, which was registered on April 1, 2008, which is incontestable pursuant to 15 U.S.C. § 1065, and which lists a date of first use in commerce of 1980. The foregoing marks are collectively referred to as the "STEVEN SINGER Marks," and the goods and/or services covered by the STEVEN SINGER Marks are collectively referred to as the "STEVEN SINGER Goods," the "STEVEN SINGER Services" and together, the "STEVEN SINGER Goods and Services." True and correct copies of the registrations for each of the STEVEN SINGER Marks, as well as excerpts from the U.S. Patent and Trademark Office's website displaying the current status of each of these registrations, are attached hereto as <u>Exhibit 1</u>.

10. Since as early as 1980, Steven Singer Jewelers has marketed and sold jewelry, Gold Dipped Roses (the "STEVEN SINGER Gold Dipped Roses"), and/or other gifts throughout the United States in connection with certain of the STEVEN SINGER Marks.

11. The STEVEN SINGER Goods and Services offered under the STEVEN SINGER Marks are advertised and promoted on the Internet, including on the website www.ihatestevensinger.com (the "Steven Singer Website"). The Steven Singer Website prominently displays the STEVEN SINGER Marks in connection with the STEVEN SINGER Goods and Services, including the STEVEN SINGER Gold Dipped Roses. Excerpts from the

Steven Singer Website showing the STEVEN SINGER Gold Dipped Roses for sale in connection with the STEVEN SINGER Marks are included in <u>Exhibit 2</u>.

12. The STEVEN SINGER Goods are offered for sale including but not limited to in the Steven Singer Jewelers retail store in Philadelphia, Pennsylvania and through the Steven Singer Website.

13. As a result of many years of developing and marketing of the STEVEN SINGER Goods and Services by Steven Singer Jewelers in connection with the STEVEN SINGER Marks, the public has come to recognize the STEVEN SINGER Marks as identifying the Gold Dipped Roses, jewelry, gifts, and other products and services that emanate from Steven Singer Jewelers. The STEVEN SINGER Marks are distinctive among purchasers designating origin, relationship, sponsorship, and/or association with Steven Singer Jewelers. The STEVEN SINGER Marks acquired this status long prior to the onset of Gold Rose's wrongful acts.

14. Gold Rose is a provider of gold roses, gold dipped roses, and/or gold trimmed roses (the "Gold Rose Products"), which are advertised, promoted, offered for sale, and sold on Gold Rose's website, www.goldroses.net (the "Gold Rose Website").

15. Notwithstanding the long prior use of the STEVEN SINGER Marks by Steven Singer Jewelers, and the long-standing registration of the STEVEN SINGER Marks owned by Steven Singer Jewelers, Gold Rose is promoting, offering for sale, and selling the Gold Rose Products in connection with certain of the STEVEN SINGER Marks.

16. Just before Valentine's Day in 2015, Steven Singer Jewelers learned that Gold Rose was using the STEVEN SINGER Marks in the title of paid advertisements on one or more search engines. Steven Singer Jewelers contacted Gold Rose and demanded that Gold Rose cease use of the STEVEN SINGER Marks. Gold Rose stated on February 13, 2015, that it

ceased using the STEVEN SINGER Marks in the paid advertisement at issue, and that it would not use the STEVEN SINGER Marks again.

17. In late January 2017, Steven Singer Jewelers learned that Gold Rose was again using the STEVEN SINGER Marks in the title of and in connection with certain of Gold Rose's paid advertisements on search engines, including but not limited to Google.com, Yahoo.com, and Bing.com, for Gold Rose, the Gold Rose Website, and the Gold Rose Products (the "Gold Rose Paid Ads"). Certain of the Gold Rose Paid Ads displayed the title "24K Gold Dipped Roses – Steven singer." Attached as Exhibit 3 is a screenshot showing results from a search for "steven singer" on Bing.com, displaying as the second result a paid advertisement for the Gold Rose Website with the title "24K Gold Dipped Roses – Steven singer." Furthermore, searches conducted on search engines, including but not limited to Google.com, Yahoo.com and Bing.com, for "Steven Singer" yield and/or have yielded the Gold Rose Website as a paid advertisement, including as the second search result, immediately after Steven Singer Jewelers' paid advertisement for the Steven Singer Website.

18. Immediately upon learning of Gold Rose's use of the STEVEN SINGER Marks in the Gold Rose Paid Ads, Steven Singer Jewelers sent a cease and desist letter, dated January 23, 2017, to Gold Rose, demanding that Gold Rose cease all use of the STEVEN SINGER Marks. In response to this cease and desist letter, Gold Rose again stated that it would not use the STEVEN SINGER Marks in any advertisements going forward.

19. The Gold Rose Products are closely related to the STEVEN SINGER Goods.

20. In addition, the Gold Rose Products appear to be advertised, promoted, and sold in some of the same channels of trade and to the same customers as the STEVEN SINGER Goods.

21. Use of certain of the STEVEN SINGER Marks in connection with the Gold Rose Paid Ads, the Gold Rose Website, and/or the Gold Rose Products is likely to cause consumer confusion and give consumers the false impression that Gold Rose is authorized to sell the STEVEN SINGER Goods, that Gold Rose and/or the Gold Rose Products are otherwise affiliated with or sponsored by Steven Singer Jewelers, and that the Gold Rose Products emanate from, are manufactured and sponsored by Steven Singer Jewelers, when the Gold Rose Products are in fact sold by a competitor of Steven Singer Jewelers.

22. Use of the STEVEN SINGER Marks by Gold Rose constitutes infringement of the STEVEN SINGER Marks.

23. As a result of wrongful conduct by Gold Rose, Steven Singer Jewelers has suffered irreparable damage to its goodwill and business reputation, and will continue to suffer such damage unless the conduct by Gold Rose is restrained.

ME1 24201452v.3

## COUNT I
## TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

24.     Steven Singer Jewelers repeats and realleges the allegations of each of the foregoing paragraphs of its Complaint as if fully set forth herein.

25.     Gold Rose has infringed Steven Singer Jewelers' rights in its federal trademark registrations, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Gold Rose's conduct is likely to cause confusion, mistake, and deception among the general purchasing public, and interfere with Steven Singer Jewelers' ability to use the STEVEN SINGER Marks to indicate a single quality-controlled source of goods and services.

26.     Steven Singer Jewelers has suffered, is suffering, and will continue to suffer irreparable injury for which Steven Singer Jewelers has no adequate remedy at law.

27.     Gold Rose has profited and is profiting from such infringement, and Steven Singer Jewelers has been and is being damaged by such infringement.  Steven Singer Jewelers is therefore entitled to recover damages from Gold Rose in an amount to be proved at trial as a consequence of Gold Rose's infringing activities.

28.     Gold Rose's aforesaid infringing conduct has been willful, wanton and malicious, and done with an intent to deceive.  Steven Singer Jewelers therefore is entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

## COUNT II
## TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(a)

29.     Steven Singer Jewelers repeats and realleges the allegations of each of the foregoing paragraphs of its Complaint as if fully set forth herein.

30. As a result of Steven Singer Jewelers' long-term, continuous, and extensive use and promotion of the STEVEN SINGER Marks, the STEVEN SINGER Marks are, and were prior to Gold Rose's misconduct alleged herein, distinctive and famous in the United States, enjoying substantial recognition, goodwill, and association with Steven Singer Jewelers. The public distinguishes the STEVEN SINGER Goods and Services from those of others on the basis of the STEVEN SINGER Marks. The STEVEN SINGER Marks have gained strong public recognition and are eligible for protection against dilution pursuant to 15 U.S.C. § 1125(c).

31. Gold Rose's use of certain of the STEVEN SINGER Marks is likely to dilute the strength and value of the STEVEN SINGER Marks, and Gold Rose's conduct has eroded and will continue to erode the extent to which the STEVEN SINGER Marks are associated with Steven Singer Jewelers, all to the commercial detriment of Steven Singer Jewelers.

32. Gold Rose's use of the STEVEN SINGER Marks is likely to tarnish and/or otherwise degrade the value of the STEVEN SINGER Marks, to the commercial detriment of Steven Singer Jewelers.

33. Gold Rose's dilution of the distinctive quality of the STEVEN SINGER Marks has caused, and if not enjoined will continue to cause, irreparable harm to Steven Singer Jewelers. Steven Singer Jewelers therefore is entitled to injunctive relief.

34. Gold Rose's aforesaid wrongful conduct has been willful, wanton and malicious, and done with an intent to deceive. Steven Singer Jewelers therefore is entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1125(c) and 15 U.S.C. § 1117(a).

35. Steven Singer Jewelers also is entitled to, among other things, the cost of corrective advertising.

## COUNT III
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)

36. Steven Singer Jewelers repeats and realleges the allegations of each of the foregoing paragraphs of its Complaint as if fully set forth herein.

37. By the acts and omissions set forth above, Gold Rose has infringed Steven Singer Jewelers' rights in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a). Gold Rose's conduct is likely to cause and has caused confusion, mistake, and deception among the general purchasing public. Gold Rose's conduct has interfered with and will continue to interfere with Steven Singer Jewelers' ability to use the STEVEN SINGER Marks and the Steven Singer Jewelers trade name to indicate a single quality controlled source of goods and services. Gold Rose's acts as alleged herein also constitute false designation of origin, unfair competition, and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

38. Steven Singer Jewelers has suffered, is suffering, and will continue to suffer irreparable injury for which Steven Singer Jewelers has no adequate remedy at law. Steven Singer Jewelers is therefore entitled to injunctive relief against Gold Rose's further infringing conduct.

39. Gold Rose has profited and is profiting from such infringement, and Steven Singer Jewelers has been and is being damaged by such infringement. Steven Singer Jewelers is therefore entitled to recover damages from Gold Rose in an amount to be proved at trial as a consequence of Gold Rose's infringing activities.

40. Gold Rose's wrongful conduct has been willful, wanton and malicious, and done with an intent to deceive. Steven Singer Jewelers therefore is entitled to an award of its

ME1 24201452v.3

reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER PENNSYLVANIA COMMON LAW

41. Steven Singer Jewelers repeats and realleges the allegations of each of the foregoing paragraphs of the Complaint as if fully set forth herein.

42. Gold Rose has, without authorization from Steven Singer Jewelers, used the valid and legally protectable STEVEN SINGER Marks owned by Steven Singer Jewelers in connection with advertising, distributing, selling, and offer for sale the Gold Rose Products.

43. Gold Rose's wrongful acts are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Gold Rose with Steven Singer Jewelers, and as to the origin, sponsorship, or approval of the Gold Rose Products.

44. Gold Rose's unauthorized acts constitute direct infringement of the STEVEN SINGER Marks in violation of Pennsylvania common law.

45. Gold Rose's conduct was intentional and willful. Gold Rose's acts were committed with full knowledge that Steven Singer Jewelers owns and has the exclusive right to use its STEVEN SINGER Marks and with the intent to cause confusion or mistake or to deceive.

46. Steven Singer Jewelers has suffered, is suffering, and will continue to suffer irreparable injury for which Steven Singer Jewelers has no adequate remedy at law.

47. Gold Rose has profited and is profiting from such infringement, and Steven Singer Jewelers has been and is being damaged by such infringement. Steven Singer Jewelers is therefore entitled to recover damages from Gold Rose in an amount to be proved at trial as a consequence of Gold Rose's infringing activities.

## COUNT V
## TRADEMARK DILUTION UNDER 54 P.A.C.S. § 1124

48. Steven Singer Jewelers repeats and realleges the allegations of each of the foregoing paragraphs of the Complaint as if fully set forth herein.

49. As a result of Steven Singer Jewelers' long-term, continuous, and extensive use and promotion of the STEVEN SINGER Marks, the STEVEN SINGER Marks are, and were prior to Gold Rose's misconduct alleged herein, distinctive and famous in the United States, including in Pennsylvania, enjoying substantial recognition, goodwill, and association with Steven Singer Jewelers. The public distinguishes the STEVEN SINGER Goods and Services from those of others on the basis of the STEVEN SINGER Marks. The STEVEN SINGER Marks have gained strong public recognition and are eligible for protection against dilution pursuant to 54 Pa.C.S. § 1124.

50. Gold Rose's use of the STEVEN SINGER Marks has diluted and will continue to dilute the strength and value of the STEVEN SINGER Marks, and Gold Rose's conduct has eroded and will continue to erode the extent to which the STEVEN SINGER Marks are associated with Steven Singer Jewelers, all to the commercial detriment of Steven Singer Jewelers.

51. Gold Rose's use of the STEVEN SINGER Marks has tarnished and/or otherwise degraded, and will continue to tarnish and/or otherwise degrade, the value of the STEVEN SINGER Marks, all to the commercial detriment of Steven Singer Jewelers.

52. By virtue of Gold Rose's acts pleaded herein, Gold Rose has violated 54 Pa.C.S. § 1124.

53. Gold Rose's conduct was intentional and willful.

11

54. Gold Rose's dilution of the distinctive quality of the STEVEN SINGER Marks has caused, and if not enjoined will continue to cause, irreparable harm to Steven Singer Jewelers. Steven Singer Jewelers therefore is entitled to injunctive relief. Steven Singer Jewelers has no adequate remedy at law.

## COUNT VI
## UNFAIR COMPETITION

55. Steven Singer Jewelers repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

56. The actions of Gold Rose constitute unfair competition, and have caused and will cause impairment of the recognition of the STEVEN SINGER Marks, and diminution of the value thereof.

57. As a result of the actions of Gold Rose, Steven Singer Jewelers has been seriously and irreparably damaged. Steven Singer Jewelers has no adequate remedy at law.

58. Gold Rose has profited and is profiting from such unfair competition, and Steven Singer Jewelers has been and is being damaged by such competition. Steven Singer Jewelers is therefore entitled to recover damages from Gold Rose in an amount to be proved at trial as a consequence of Gold Rose's activities alleged herein.

59. Gold Rose's dilution of the distinctive quality of the STEVEN SINGER Marks has caused, and if not enjoined will continue to cause, irreparable harm to Steven Singer Jewelers. Steven Singer Jewelers therefore is entitled to injunctive relief. Steven Singer Jewelers has no adequate remedy at law.

## COUNT VII
## UNJUST ENRICHMENT

60. Steven Singer Jewelers repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

61. Gold Rose has been unjustly enriched by reason of its authorized use of the STEVEN SINGER Marks in connection with the advertisement, distribution, sale, and offering for sale of the Gold Rose Products. Gold Rose has profited and is profiting from such unfair conduct.

62. Steven Singer Jewelers therefore is entitled to recover restitution in the form of Gold Rose's profits, in an amount to be proved at trial, as a consequence of Gold Rose's wrongful activities.

WHEREFORE, Steven Singer Jewelers respectfully demands judgment:

(1) That Gold Rose and its agents, servants, employees, attorneys, successors and assignees, and all persons in active concert or participation with any of them, be permanently enjoined and restrained from:

(a) Using in any manner any of the STEVEN SINGER Marks, or any other designation or mark confusingly similar to any of the STEVEN SINGER Marks, including but not limited to selling, offering for sale, displaying, promoting or advertising products in connection with any of the STEVEN SINGER Marks, or any other designation or mark confusingly similar to any of the STEVEN SINGER Marks;

(b) Passing off, inducing, or enabling others to sell or pass off any products that do not emanate from Steven Singer Jewelers or that are not distributed under the control and supervision of Steven Singer Jewelers and approved by Steven Singer Jewelers for sale under the STEVEN SINGER Marks, as products distributed by or with the approval of Steven Singer Jewelers;

   (c) Falsely advertising any product that does not emanate from Steven Singer Jewelers, or that is not distributed under the control and supervision of Steven Singer Jewelers and approved by Steven Singer Jewelers for sale under the STEVEN SINGER Marks, as Steven Singer Jewelers brand products or in connection with any of the STEVEN SINGER Marks;

   (d) Committing any act calculated to cause purchasers to falsely believe that any of the Gold Rose Products are those sold under the control and supervision, were sponsored, approved or connected with or guaranteed, or produced under the control and supervision of Steven Singer Jewelers;

   (f) Further infringing any of the STEVEN SINGER Marks and damaging Steven Singer Jewelers' goodwill and business reputation;

   (g) Otherwise competing unfairly with Steven Singer Jewelers in any manner; and

   (h) Continuing to perform in any manner whatsoever any act deemed contrary to law by this Court.

  (2) That Gold Rose be required to pay to Steven Singer Jewelers, in accordance with 15 U.S.C. § 1117 and applicable state laws, such damages as Steven Singer Jewelers has suffered in consequence of Gold Rose' infringement of the STEVEN SINGER JEWELERS Mark and from the above-described acts of unfair competition, false designation of origin, false advertising and unfair trade practices, including the following:

   (a) Three times all gains and profits derived by Gold Rose from the above described acts of trademark infringement, unfair competition, false designation of origin, false advertising and unfair trade practices, or, in the alternative, three times Steven Singer Jewelers' lost profits, whichever is greater; and

ME1 24201452v.3

(b) All costs and attorneys' fees incurred in this action, prejudgment interest, and such other interest as may be allowed by law on all sums awarded;

(3) That Steven Singer Jewelers have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Steven Singer Jewelers demands a jury trial on all issues so triable.

Dated: February 14, 2017

              McCARTER & ENGLISH, LLP

              By:   DMK8829
                  Danielle M. Karcich, Esquire
                  PA Attorney ID # 312049
                  **MCCARTER & ENGLISH, LLP**
                  1600 Market Street, Suite 3900
                  Philadelphia, Pennsylvania 19103
                  Tel.: (215) 979-3800
                  Fax:  (215) 979-3899
                  dkarcich@mccarter.com

                  *Attorneys for Plaintiff*
                   *Steven Singer Jewelers, Inc.*